## Morgan's Estate (No. 2).

*Trusts and trustees—Spendthrift trust—Estate in fee simple—Appointment by will—Heirs at law.*

Where a married woman by her will gives her estate, real and personal, to a trustee to hold for the benefit of her husband with the usual provisions creating a spendthrift trust, with power, however, in the husband to end the trust at any time, but if he failed to do so, to continue the trust until his death, and to deliver and convey the estate to whom he may appoint by will, or in default of appointment to his heirs at law, the husband takes the estate in fee, and if the trust is continued until his death the estate goes to his legatees and devisees and not to his heirs at law.

Argued Oct. 28, 1908. Appeal, No. 227, Oct. T., 1908, by Sarah A. Morgan, from decree of O. C. Allegheny Co., Dec. T., 1907, No. 122, dismissing exceptions to adjudication in Estate of Martha B. Morgan, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Appeal dismissed.

Exceptions to adjudication.

The facts are stated in the report of the case of Morgan's Estate (No. 1), ante, p. 228.

*Error assigned* was in dismissing exceptions to adjudication.

*A. M. Imbrie,* for appellant.

*John D. Evans,* with him *Patterson, Sterrett & Acheson* and *William H. McClung,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 4, 1909:

The appellant claims to participate in the distribution as an heir at law of Benjamin W. Morgan, deceased, to whom was given a life estate under the will of Martha B. Morgan, with power to appoint. The will provided that in case of failure to appoint, the estate was to go to "the right heirs of Benjamin W. Morgan." Though Benjamin W. Morgan died testate, the contention is that the right of appointment was not exercised. The appeal assumes that the trust attempted to be created under the will of Martha B. Morgan was valid and effective. In the opinion just handed down in the appeal of Pinedo from the same distribution, we held that the estate given Benjamin W. Morgan under the will of his wife was absolute. The estate was his, and it passed under his will to his beneficiaries, not as appointees, but as his own legatees and devisees. The case calls for no further discussion.

The appeal is dismissed at costs of appellant.